IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RICHARD BIGI AND NANCY BIGI )<br> )<br>Plaintiffs, )<br> )<br> ) CIVIL ACTION<br>v. ) FILE NO._____<br> )<br>DANIEL F. BRIDGERS, P.C. D/B/A ) **CV411-218**<br>BRIDGERS, PETERS & KLEBER AND )<br>GEMINI CAPITAL GROUP, LLC )<br> )<br>Defendants. )<br>_____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiffs, Richard Bigi and Nancy Bigi ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Georgia, County of Chatham, and City of Bloomingdale.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Daniel F. Bridgers, P.C. d/b/a Bridgers, Peters & Kleber ("DFB") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. DFB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Gemini Capital Group, LLC, ("GCG") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiffs.

9. GCG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than DFB.

11. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DFB, arises from a transaction in which the

money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DFB.

13. DFB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. GCG purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. GCG acquired Plaintiffs' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. GCG is thoroughly enmeshed in the debt collection business, and GCG is a significant participant in DFB's debt collection process.

17. In connection with the collection of an alleged debt, Defendant sent Plaintiffs written communication dated May 24, 2011 which stated, in relevant part, as follows:

> On behalf of our firm and our client, we are providing the following notice: If this debt was incurred for consumer purposes, you have thirty (30) days after receipt of this letter to dispute the validity of the debt or any portion thereof, or this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This firm is attempting to collect a debt and any information obtained will be used for that purpose.

18. In this statement, Defendant qualified the notice of validation rights under the FDCPA to which Plaintiffs were entitled by prefacing those rights with the statement "[i]f this debt was incurred for consumer purposes."

19. The FDCPA's validation rights apply to debts incurred for "personal, family, or household purposes."

20. A Least Sophisticated Consumer would be unsure whether their debt was in fact "incurred for consumer purposes," and as a result of Defendant's qualification of the validation rights in such manner, be correspondingly chilled from exercising rights they believed did not apply to them.

21. Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I—VIOLATIONS OF THE FDCPA
### RICHARD BIGI v. DFB

22. Plaintiff repeats and re-alleges each and every allegation above.

23. Defendant DFB violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that DFB violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### NANCY BIGI v. DFB

24. Plaintiff repeats and re-alleges each and every allegation above.

25. Defendant DFB violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g) Adjudging that DFB violated the FDCPA;

    h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—VIOLATIONS OF THE FDCPA
## RICHARD BIGI v. GCG

26. Plaintiff repeats and re-alleges each and every allegation above.

27. Defendant GCG violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GCG violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—VIOLATIONS OF THE FDCPA
## NANCY BIGI v. GCG

28. Plaintiff repeats and re-alleges each and every allegation above.

29. Defendant GCG violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that GCG violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30. Plaintiffs are entitled to and hereby demands a trial by jury.

This 25th day of August, 2011.

ATTORNEYS FOR PLAINTIFFS
RICHARD BIGI AND NANCY BIGI

Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com